# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **CHRISTINA HILL,** ) | |
| ) | |
| Plaintiff, ) | Case No. 1:09CV00040 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **H. LEE NOBLE, ET AL.,** ) | By: James P. Jones |
| ) | Chief United States District Judge |
| Defendants. ) | |

*Robert P. Starnes, Starnes & Glenn, Kingsport, Tennessee, for Plaintiff; Henry S. Keuling-Stout, Keuling-Stout, P.C., Big Stone Gap, Virginia, for Defendants H. Lee Noble, Major Matthew Pilkenton, and Lynn Lowe; J. Michael Parsons, Assistant Attorney General of Virginia, Richmond, Virginia, for Defendants Gene M. Johnson, Fred Schilling, and Barbara J. Wheeler; and Elizabeth M. Muldowney, Rawls & McNelis, PC, Richmond, Virginia, for Defendant Prison Health Services, Incorporated.*

The plaintiff, Christina Hill, has filed a motion seeking reconsideration of the court's grant of summary judgment to the defendants.[1] In her lawsuit, the plaintiff claims that while she was an inmate at the Southwest Virginia Regional Jail in Abingdon, Virginia, and later at the Fluvanna Correctional Center, operated by the Virginia Department of Corrections, she received constitutionally inadequate medical care for a lesion on her lip.

---

[1] The motion is entitled "Motion for a New Trial Pursuant to F.R.C.P. 59." There was no trial in this case. In the body of the motion, the Plaintiff relies on Rules 59(a), (b), (d), and (e), and Rule 60(b).

The defendants all filed motions for summary judgment as the plaintiff's federal claims based on her alleged failure to exhaust her available administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C.A. § 1997e (West 2003). After briefing and oral argument on the motions, the court, by oral opinion, granted the motions and entered judgment for the defendants on all claims arising under 42 U.S.C.A. § 1983 (West 2003). All state law claims were dismissed without prejudice pursuant to 28 U.S.C.A. § 1367(c)(3) (West 2006). Finally, one defendant who had not been served, Dr. Kavah Ofagh, was dismissed without prejudice.

In her motion, the plaintiff largely rehashes arguments made before judgment was granted. "A motion to reconsider is not the proper vehicle to raise arguments that could have been raised prior to judgment." *Nationwide Mut. Ins. Co. v. Powell*, 93 F. App'x 565, 566 (4th Cir. 2004) (unpublished). Two arguments not made, but which were available to the plaintiff, are as follows.

The plaintiff attached to her present motion a copy of the Standard Operating Procedures of the Southwest Virginia Regional Jail Authority dated February 2, 2006. The document is not authenticated or otherwise shown to have been in effect when the plaintiff was an inmate. In any event, the document does not support the plaintiff's case. While the Standard Operating Procedures refer to "informal channels

for resolution of conflict/information," it does not affect the inmate's obligation to file a grievance and pursue it, as explained in the Inmate Handbook already received into the record.[2]

The plaintiff has failed to show any recognized excuse for her failure to pursue the available prison greivance procedures and accordingly I was obligated to enter judgment in her § 1983 claims. *Woodford v. Ngo*, 548 U.S. 81, 87-90 (2006).

The plaintiff also contends that the court erred in not determining whether to certify her action as a class action, pursuant to Federal Rule of Civil Procedure 23(c). She made no motion prior to judgment seeking such certification. In any event, the ruling by the court was not on the merits of the constitutional claim and no putative class member's rights have been affected.

For these reasons, it is **ORDERED** that the plaintiff's motion (#47) is DENIED.

ENTER: November 16, 2009

/s/ JAMES P. JONES
Chief United States District Judge

---

[2] The Southwest Virginia Regional Jail defendants submitted a copy of the Inmate Handbook relating to the filing of grievances, duly authenticated, in support of their motions for summary judgment.